IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **CHRISTOPHER SHANE KNIGHT,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No. 3:24-cv-093-TES-CHW |
| : | |
| **SHERIFF JOHN Q. WILLIAMS,** *et al.*, : | Proceedings Under 42 U.S.C. § 1983 |
| : | Before the U.S. Magistrate Judge |
| **Defendant.** : | |
| : | |

### ORDER AND NOTICE OF EVIDENTIARY HEARING

Plaintiff filed this suit pursuant to 42 U.S.C. § 1983. (Docs. 1, 10). Following screening of Plaintiff's recast complaint, his deliberate indifference to health and safety claims based on his conditions of confinement against Defendants Beasley and McCollum were permitted to proceed for further factual development. (Docs. 10, 17). Defendants filed a pre-answer motion to dismiss for Plaintiff's failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (Doc. 33). To resolve certain questions of fact, on October 31, 2025, the Court ordered the parties to appear at 10:00 a.m. on Wednesday, December 10, 2025, in Courtroom E of the William Augustus Bootle Federal Courthouse, 475 Mulberry Street, Macon, Georgia, for an evidentiary hearing. (Doc. 43). Plaintiff did not appear for the hearing.

On December 4, 2025, Plaintiff contacted the Clerk of Court's office by telephone and stated that he did not have transportation to appear at the hearing. A deputy clerk instructed Plaintiff to file a motion to continue if he would not be able to attend the evidentiary hearing. To date the Court has not received a motion to continue. Defendants appeared for the hearing and requested that the hearing be continued to afford Plaintiff the opportunity to appear.

1

Accordingly, the parties are **ORDERED** to appear at 10:00 a.m. on Thursday, January 15, 2026, in Courtroom E of the William Augustus Bootle Federal Courthouse, 475 Mulberry Street, Macon, Georgia, to present evidence on the following issues:

(1) Whether Plaintiff's purported grievance (Doc. 8-1) was received by the Jail, including whether Plaintiff appealed the grievance to exhaustion;

(2) Whether the purported grievance pertains to Plaintiff's shower access claims; and

(3) Whether the purported grievance pertains to Plaintiff's inadequate medical treatment claims.

Should Petitioner fail to respond or attend the January 15, 2026, evidentiary hearing, this action will be dismissed without prejudice. If Plaintiff does not intend to pursue this action, he may file a stipulation of dismissal signed by all parties who have appeared pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure or a motion for voluntary dismissal pursuant to Rule 41(a)(2).

**SO ORDERED**, this 10th day of December, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge