# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

| | |
|---|---|
| **CHRISTOPHER SHANE KNIGHT,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**Sheriff JOHN Q. WILLIAMS,** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**3:24-cv-00093-TES-CHW** |

## ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Report and Recommendation ("R&R") [Doc. 52] to grant Defendants' Motion to Dismiss [Doc. 33] based on Plaintiff's failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a). [Doc. 52, pp. 2–8]. Plaintiff made no objection. Therefore, having reviewed the R&R for clear error, the Court **ADOPTS** it and **MAKES IT THE ORDER OF THE COURT**. *See* Fed. R. Civ. P. 6(a)(1) and (d); 28 U.S.C. § 636(b)(1)(A). The Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** Plaintiff's Recast Complaint [Doc. 10] for failure to exhaust his administrative remedies.

Next, with respect to the Magistrate Judge's recommendation to dismiss this case based on Plaintiff's failure to prosecute, the Court **ADOPTS** that portion of the R&R as

well. [Doc. 52, pp. 8–9]. Again, Plaintiff made no objection; thus, the Court reviews the R&R for clear error. 28 U.S.C. § 636(b)(1)(A). Finding none, the Court also **DISMISSES** Plaintiff's Recast Complaint **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) based on his "effective abandonment of this action." [Doc. 52, p. 8]; *see* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute . . . .").

The Court notes, however, that Plaintiff moved for a venue change and a continuance of the hearing rescheduled from December 10, 2025, to January 15, 2026. *See generally* [Doc. 53]. This motion, although dated January 14, 2026, arrived at the Court <u>after</u> the rescheduled hearing date. [Doc. 53, p. 2]. On January 22, 2026, to be exact. *See, e.g.*, [Doc. 53, p. 1 (time stamp received '260122)]. The date on which Plaintiff signed his motion, however, does not render it "filed with the Court" since he is no longer in custody and cannot avail himself of the prison mailbox rule. [Doc. 42, p. 1 (change of address to a residence in Dahlonega, Georgia)]. "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)).

"[S]everal courts, including this one, have stated that the prison mailbox rule

2

does not apply to non-prisoner litigants." *Warren v. Sawyer*, No. 9:15-CV-0591 (GTS/DEP), 2016 WL 1558460, at *4 (N.D.N.Y. Apr. 15, 2016) (collecting cases). In *Daker v. Owens*, this Court deemed documents mailed "from outside of the prison system" untimely. No. 5:20-cv-00354-TES-CHW, 2021 WL 1321298, at *1 (M.D. Ga. Apr. 8, 2021), *aff'd* No. 21-13169, 2023 WL 8254348, at *1 (11th Cir. Nov. 29, 2023). Then, in *Burke v. Chasteen*, this Court held, "[t]he prison mailbox rule does not apply to documents mailed from outside the prison." No. 5:22-cv-00161-TES-CHW, 2022 WL 4594603, at *1 (M.D. Ga. Sept. 30, 2022) (citing *Garvey v. Vaughn*, 993 F.2d 776, 782 n.15 (11th Cir. 1993)). And again, in *Anderson v. Sampson*, the Court ruled when a litigant mails "his filings outside of the prison mail system," he is "strip[ped] of the benefit given by the prison mailbox rule." No. 3:22-cv-00087-TES-CHW, 2023 WL 5049260, at *1 (M.D. Ga. Aug. 8, 2023).

Given that Plaintiff is no longer in jail as a pre-trial detainee as evidenced by his most recent change of address, he cannot avail himself of the prison mailbox rule. [Doc. 42, p. 1]. It was his responsibility to ensure his filings arrived to the Court in a timely manner. "[S]imply depositing [a motion] in the mail is not the same as filing it." *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1472 (11th Cir. 1984) (citing *Sanchez v. Bd. of Regents*, 625 F.2d 521, 522 (5th Cir.1980), *appeal dismissed*, 633 F.2d 1210 (5th Cir. 1981)). As the Magistrate Judge stated in his R&R, Plaintiff had more than a month to arrange transportation from Dahlonega Georgia, to Macon, and his excuse that he "would

3

probably . . . get sick" because he has no transportation "other than a Harley Davidson," will not suffice to overcome the Magistrate Judge's recommendation to dismiss this case for failure to prosecute. [Doc. 52, p. 9]; [Doc. 53, p. 2]. The Magistrate Judge "strictly warn[ed]" Plaintiff that his failure to appear would result in dismissal. [Doc. 52, p. 9]; *see, e.g.,* Notice of Hearing, *Knight v. Williams*, 3:24-cv-00093-TES (M.D. Ga. Oct. 31, 2025) ("Should [Plaintiff] fail to respond or attend the January 15, 2026, evidentiary hearing, this action will be dismissed without prejudice[.]").

Finally, Plaintiff's financial issues are likewise insufficient to avoid dismissal. [Doc. 53, p. 1]. Although the Court permitted Plaintiff to proceed *in forma pauperis*, once in court, he must front the responsibilities of costs as any other litigant. *Cf. Easley v. Dep't of Corr.*, 590 F. App'x 860, 868 (11th Cir. 2014) (quoting 28 U.S.C. § 1915); *see* [Doc. 7], *in connection with* [Doc. 9]. Proceeding *in forma pauperis*, only concerns the filing fee, it does not cover litigation expenses "[d]ue to indigent circumstances." [Doc. 53, p. 1]. Accordingly, the Court **DENIES** Plaintiff's Motion for Venue Change and Continuance [Doc. 35] **as moot**.

**SO ORDERED**, this 12th day of February, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**